[No. 3737.]

## THE SONOMA COUNTY WATER COMPANY *v.* JOHN LYNCH.

PROOF OF CORPORATE EXISTENCE.—One deraigning title to property through a corporation, must prove the legal existence of the corporation. The recitals in deeds, that the grantor was a corporation, do not prove such corporate existence as against one claiming the property through another source of title.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

The plaintiff was a corporation organized for the purpose of supplying the inhabitants of Petaluma with pure, fresh water. The plaintiff claimed through the Petaluma Water Company the right to divert the water flowing in Alder Creek. The defendant owned land through which the creek flowed, and diverted the water from the plaintiff's reservoir. This action was brought to recover damages, and for an in-

junction. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*A. Thomas and J. T. Hardin,* for the Appellant.

The plaintiff pretends to claim the right to divert the water of the stream from or through the Petaluma Water Company. There is no proof of the existence of such a company, and the only competent evidence of the existence of such a fact is, such documentary evidence as the statute requires to constitute a corporation.

*E. S. Lippit,* for the Respondent.

If the deeds, by which title is deraigned, are all in proper form, duly signed and acknowledged, the law will presume that the parties thereto had the full power and authority to act, and the burden of proof is upon the party to an action who attacks such capacity in any grantor. No objection being raised to the form and proper execution of the deed of the Petaluma Water Company to this respondent, the existence of said company, and its power and authority to execute the deed, is presumed until that presumption is rebutted by evidence.

By the COURT:

The title upon which the plaintiff relied below purported to have been at one time vested in the Petaluma Water Company, through divers deeds made to that company, and to have been subsequently conveyed by the company to plaintiff here, by a deed reciting that the Petaluma Water Company, the grantor therein, is an incorporated company, and purporting to be subscribed by the president and secretary *pro tem.* of the company. No evidence whatever, other than the recitals found in the deeds, was given or offered for the purpose of showing that the Petaluma Water Company was a corporation, or had any corporate existence. These recitals, found only in the deeds through which the plaintiff claimed, were not admis-

sible as evidence as against the defendant to establish the corporate existence of the Petaluma Company. There can be little question that, in deraigning title through a corporation, it is necessary to prove that the corporation had a legal existence.

Judgment and order denying a new trial reversed, and cause remanded.